UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

PATRICIA BARBER,

Plaintiff,

v.

CUMBERLAND FARMS, INC.

Defendant.

Case No.: 05-317S

**DEFENDANT CUMBERLAND FARM, INC.'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Cumberland Farms, Inc., hereby requests that plaintiff Patricia Barber produce for inspection and copying, in accordance with the following definitions and instructions, within thirty (30) days after certification of service hereof, the following documents at the offices of Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903.

**INSTRUCTIONS**

For the purposes of these Requests for Production of Documents and responses thereto, the following instructions apply:

A. In responding to these Requests for Production of Documents, furnish all documents and information available to you, including documents and information in the possession of your attorneys, investigators, agents, officers, directors, employees, and all other persons acting or purporting to act on your behalf, and not merely such documents and information known of personal knowledge. Each Request for Production of

Documents and each subsection of each Request for Production of Documents is to be fully and separately responded to in accordance with the duties set forth in the Federal Rules of Civil Procedure. As to any Request for Production of Documents for which an exact, complete, and entirely accurate response cannot be made at this time, after having made reasonable efforts to provide the response, documents, and information, so state and (1) give the reason why a further response cannot be made at this time; (2) give as complete and precise a response as is possible; (3) specify the portion of each Request for Production of Documents that cannot be responded to fully and completely; (4) state what efforts were made to obtain the requested documents and information; and (5) state the facts that support the contention that the Request for Production of Documents cannot be responded to fully and completely at this time.

B. These Requests for Production of Documents shall be deemed to be continuing so as to require supplemental responses from time to time if you obtain further documents and/or information after the date that the responses are served.

C. If any information or document is withheld on the asserted grounds that it is subject to a claim of privilege, confidentiality, or for any other reason: (1) state the reason for withholding the information or document, identify the privilege or rule upon which this claim is based, and set forth the facts upon which the claim is based in sufficient detail to permit the formation of a judgment as to the basis and validity of the claim; (2) identify the person(s) who have knowledge about the information or document being withheld; (3) identify, as to any document, the author, date, subject matter, number of pages, and each person who received a copy of the document (identification will not be

considered a waiver of any claim of privilege or confidentiality); and (4) identify the present custodian of the document and present location.

D. For each requested document that was at one time, but is no longer in existence, identify the following: (1) the type of document; (2) the information contained therein; (3) the date upon which such document ceased to exist; (4) the circumstance under which it ceased to exist; (5) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (6) the identity of all persons having knowledge of its contents.

E. Whenever a document is removed from a drawer, folder, box, or other container of any kind, annex to the document the title or description of the drawer, folder, box, or other container.

## DEFINITIONS

For the purposes of these Requests for Production of Documents and responses thereto, the following instructions apply:

1. "Communication" means any act or incidence of transferring, transmitting, passing, delivering or giving information, by oral or written means, including but not limited to, by way of note, telegram, letter, fax, telex, telephone, tape, electronic mail or otherwise.

2. "Concerning" means with respect to, referring to, establishing, evidencing, constituting, comprising, commenting on, responding to, showing, describing, analyzing, reflecting, presenting, containing, or mentioning.

3. "Document" has the same meaning as used in Rule 34(a) of the Federal Rules of Civil Procedure, and shall be construed to include all writing of any kind

whatsoever and in any medium, however recorded or reproduced, including emails and other electronically generated and stored documents, originals and non-identical copies, drafts, translations, and other preliminary materials that are different in any way from the executed or final document, regardless of whether designated "confidential," "privileged," or otherwise protected, wherever located.

4. "Reflecting" means evidencing, describing, demonstrating, touching upon, mentioning, commenting on, incorporating, analyzing, transcribing, noting, evaluating, reviewing, reporting on, critiquing, criticizing, setting forth or showing in any way.

5. "Cumberland Farms" means the defendant Cumberland Farms, Inc., its parents, subsidiaries and affiliates, all present and former officers, employees, and agents, including attorneys, and all other persons that you contend act or purport to act on its behalf or under its direction or control..

6. "You" or "your" means Patricia Barber, the plaintiff in this action, her successors, assigns, present and former agents, attorneys, and all other persons acting or purporting to act on her behalf or under her direction or control.

## DOCUMENTS REQUESTED

1. All bills, invoices, estimates and statements, whether paid or unpaid, rendered to you as a result of the damages or injury that you allege in your Complaint.

2. All statements or communications, whether written, recorded or videotaped, from the defendant, Cumberland Farms, Inc. or any agents or employees of the defendant concerning or relating in any way to this action.

3. All statements of any witnesses to this accident, whether written, recorded or videotaped, and which are not privileged.

4. All writings, statements correspondence, notes or other documents concerning this action, its subject matter, or any of the events alleged in your Complaint.

5. Any and all photographs taken of your injuries referenced in your complaint.

6. All medical and dental records of any nature whatsoever, including x-rays, concerning consultation or treatment ever rendered to you by any health care provider.

7. All documents relating to your current and past health insurance coverage, whether such coverage is provided by your employer or otherwise.

8. All employment records from 1990 to present that indicate the dates on which you were absent from work and the name and address of the employer.

9. Your income tax returns for the years 2000 to the present.

10. Copies of W-2 forms and records of income earned by you during the time period from 2000 to the present.

11. All correspondence or written communication between you and your employer(s) concerning or relating in any way to this action.

12. All documents reflecting payments made by any third party for the expenses incurred as a result of the injuries or damages alleged in your Complaint.

13. All documents reflecting requests for payment made by you to by any third party for the expenses incurred as a result of the injuries or damages alleged in your Complaint.

14. All documents reflecting communications between you and Carmella DePlacido, her attorneys, agents, representatives or any other person acting or purporting to act on Ms. DePlacido's behalf.

Dated: Providence, Rhode Island
August 18, 2005

CUMBERLAND FARMS, INC.
By its Attorneys,

RICHARD R. BERETTA, JR. (#4313)
GEOFFREY W. MILLSOM (#6843)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

**CERTIFICATION OF SERVICE**

I hereby certify that:

1. I am over 18 and not a party to this action.

2. On August 18, 2005, I served a true and accurate copy of the attached Defendant Cumberland Farm, Inc.'s First Request for Production of Documents by regular mail upon Michael P. Lynch, 117 High Street, Westerly, RI 02891.

Susan [signature]

*342687_1.doc*