UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PATRICIA BARBER, | : | |
| Plaintiff, | : | Case No.: 05-317S |
| v. | : | |
| CUMBERLAND FARMS, INC. | : | |
| Defendant. | : | |

**MOTION FOR PRECLUSION OF WITHHELD EVIDENCE,**
**A FINDING OF CONTEMPT AND DISMISSAL**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant Cumberland Farms, Inc. hereby moves for preclusion of withheld evidence, a finding of contempt and dismissal. Plaintiff further requests an award attorneys' fees for the underlying motion to compel and the instant motion. The facts and arguments upon which this motion is based are set forth in the accompanying memorandum of law.

Dated: Providence, Rhode Island
November 1, 2005

CUMBERLAND FARMS, INC.
By its Attorneys,

RICHARD R. BERETTA, JR. (#4313)
GEOFFREY W. MILLSOM (#6843)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

**RULE 37(a) CERTIFICATION OF COUNSEL**

I hereby certify that I have attempted to confer in good faith with Plaintiff's counsel in an effort to secure the information requested without court action.

**CERTIFICATION OF SERVICE**

I hereby certify that:

1. I am over 18 and not a party to this action.

2. On November 1, 2005, I served a true and accurate copy of the attached Defendant Cumberland Farm, Inc.'s Motion For Preclusion Of Withheld Evidence, A Finding Of Contempt And Dismissal by regular mail upon Michael P. Lynch, 117 High Street, Westerly, RI 02891.

*359744_1.doc*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PATRICIA BARBER, Plaintiff, | Case No.: 05-317S |
| v. | |
| CUMBERLAND FARMS, INC. Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PRECLUSION OF WITHHELD EVIDENCE, A FINDING OF CONTEMPT AND DISMISSAL**

Defendant Cumberland Farms, Inc. ("CFI") submits this memorandum in support of its motion for preclusion of withheld evidence, a finding of contempt and dismissal.

**FACTS**

This action was filed in the Rhode Island Superior Court on March 4, 2005 and removed to this court on July 20, 2005. At the Rule 16 Conference, the Court and the parties agreed that the parties would exchange discovery requests and provide responses in advance of the Settlement Conference. Shortly thereafter, on August 18, 2005, CFI served its First Request for Production of Documents and First Set of Interrogatories upon Plaintiff by regular mail. Plaintiff has, to date, not served any discovery requests.

Plaintiff failed to respond to CFI's discovery requests, which resulted in a motion to compel by CFI. Following Plaintiff's failure to object to the motion to compel, on October 19, 2005, the Court issued an order compelling Plaintiff to respond to CFI's outstanding discovery requests within ten days. Pursuant to this order, Plaintiff was required to respond to CFI's

written discovery by no later than October 31, 2005. Plaintiff failed to respond during that time period and her discovery responses are still outstanding.

**ARGUMENT**

Rule 37(b) and (c) dictate the results of a litigant's failure to provide written discovery. With respect to the failure to provide answers to written discovery requests, the rule states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

Fed. R. Civ. P. 37(c)(1). The other appropriate sanctions expressly contemplated by the rule include a finding of contempt and an order dismissing the action. Fed. R. Civ. P. 37(b)(2)(C-D).

Plaintiff's failure to provide discovery and willful disregard of this Court's order mandates, at a minimum, preclusion of the evidence sought. Since Plaintiff has the burden of proof in this action and the discovery sought essentially comprises the documents that support her claim, preclusion of the evidence leaves Plaintiff unable to prove her case. Perhaps more significantly, it leaves CFI unable to defend her claims. How, for example, can CFI challenge her claimed damages without her treatment records? This contempt of the Court's order and the Federal Rules of Civil Procedure, therefore, merits preclusion of the evidence requested and, by logical extension, the dismissal of Plaintiff's claims.

Rule 37 also provides that the Court <u>shall</u> award attorneys' fees to the party forced to move the court to obtain discovery. Fed. R. Civ. P. 37(a)(1)(A); *see also* Fed. R. Civ. P. 37(b)(2)(E), Fed. R. Civ. P. 37(c)(1). CFI has been forced to move twice now by virtue of

Plaintiff's refusal to provide discovery. It is entitled to an award of the attorney's fees incurred in the course of both motions to address Plaintiff's discovery non-compliance. If this request is granted, CFI will submit an application for attorneys' fees to the Court for review and approval.

## CONCLUSION

For all the foregoing reasons, CFI requests that the Court enter an order: i) precluding Plaintiff from offering evidence on any of the subject areas requested in the written discovery, ii) finding plaintiff to be in contempt of Court, and/ or iii) dismissing Plaintiff's claims. CFI further requests an award of its attorneys fees incurred in the course of moving to compel and the instant motion.

Dated: Providence, Rhode Island
November 1, 2005

CUMBERLAND FARMS, INC.
By its Attorneys,

RICHARD R. BERETTA, JR. (#4313)
GEOFFREY W. MILLSOM (#6843)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

**CERTIFICATION OF SERVICE**

I hereby certify that:

1. I am over 18 and not a party to this action.

2. On November 1, 2005, I served a true and accurate copy of the attached Defendant Cumberland Farm, Inc.'s Motion For Preclusion Of Withheld Evidence, A Finding Of Contempt And Dismissal by regular mail upon Michael P. Lynch, 117 High Street, Westerly, RI 02891.

*359752_1.doc*