UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PATRICIA BARBER, | : | |
| Plaintiff, | : | Case No.: 05-317S |
| v. | : | |
| CUMBERLAND FARMS, INC. | : | |
| Defendant. | : | |

**THIRD MOTION TO COMPEL**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Defendant Cumberland Farms, Inc. hereby moves for an order compelling Plaintiff Patricia Barber to respond more fully to Defendant Cumberland Farm, Inc.'s First Request for Production of Documents within ten days. The facts and arguments upon which this motion is based are set forth in the accompanying memorandum of law.

Dated: Providence, Rhode Island
January 22, 2006

CUMBERLAND FARMS, INC.
By its Attorneys,

RICHARD R. BERETTA, JR. (#4313)
GEOFFREY W. MILLSOM (#6843)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

RULE 37(a) CERTIFICATION OF COUNSEL

I hereby certify that I have attempted to confer in good faith with Plaintiff's counsel in an effort to secure the information requested without court action.

**CERTIFICATION OF SERVICE**

I hereby certify that:

1. I am over 18 and not a party to this action.

2. On January 23 2006, I served a true and accurate copy of the attached Defendant Cumberland Farm, Inc.'s Motion to Compel by regular mail upon Michael P. Lynch, 117 High Street, Westerly, RI 02891.

*356844_1.doc*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

PATRICIA BARBER,

Plaintiff,

v.

CUMBERLAND FARMS, INC.

Defendant.

Case No.: 05-317S

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S THIRD MOTION TO COMPEL**

Defendant Cumberland Farms, Inc. ("CFI") submits this memorandum in support of its motion to compel Plaintiff Patricia Barber to respond more fully to Defendant Cumberland Farm, Inc.'s First Request for Production of Documents.

## BACKGROUND

This is a personal injury case brought by a woman who was struck by an automobile driven by an elderly woman. At the time of the accident, the Plaintiff was in the process of exiting the Cumberland Farms store in Westerly. The automobile in question jumped the curb and struck the front of the store, doing extensive damage to the building's façade and injuring Plaintiff in the process.

### A. Discovery Efforts Undertaken Thus Far

This case was initially filed in the Rhode Island Superior Court on March 4, 2005 but the Complaint was not served on CFI until July 1, 2005. CFI answered and removed the matter to this Court on July 20, 2005. The Court held a pretrial conference on August 10, 2005 and issued a Pretrial Order the next day, on August 11, 2005. The Pretrial Order establishes the case

schedule, which includes a discovery closure date of January 30, 2006 and dispositive motion deadline of February 15, 2006.

On August 18, 2005, CFI filed its First Set of Interrogatories and Document Requests upon plaintiff. Plaintiff failed to timely respond. Accordingly, CFI moved to compel Plaintiff's response (the "First Motion to Compel"). The Court granted the First Motion to Compel on October 19, 2005 and ordered the Plaintiff to provide discovery by October 29, 2005. When plaintiff failed to comply with this Order, CFI moved to preclude the withheld evidence, for a finding of contempt and dismissal. The Plaintiff finally responded to the First Request, on November 4, just days before the Settlement Conference. In light of Plaintiff's belated disclosure and in the spirit of compromise, CFI agreed at the Settlement Conference to withdraw its motion preclude the withheld evidence, for a finding of contempt and dismissal.

At the Settlement Conference, however, Plaintiff disclosed the fact that she had retained an expert witness to support her claims in this action but did not disclose the expert's identity. Accordingly, the day after the Settlement Conference, on November 8, 2005, CFI served its Second Request for Production of Documents upon Plaintiff. The Second Request was limited to documents related to this newly-disclosed expert witness. Plaintiff failed to timely respond to the Second Request and, on January 9, 2006, CFI moved to compel her response (the "Second Motion to Compel"). That motion is presently *sub judice*.

On November 8, 2005, CFI also notified Plaintiff of several deficiencies in the disclosure she made pursuant to the first Request and the Court's October 19, 2005 Order. A copy of the letter from CFI to plaintiff is attached as Exhibit 1. Plaintiff never responded to this request. It is this outstanding request that forms the basis of this Third Motion to Compel.

### B. Delayed Discovery

Unable to learn the identity of Plaintiff's expert, CFI has been unable to notice or take that expert's deposition. CFI has also been frustrated in its efforts to effectively depose the Plaintiff. In an effort to at least conduct some examination of the Plaintiff prior to the expiration of the discovery period, CFI noticed the Plaintiff's deposition for January 16, 2006. That deposition was cancelled as a result of a conflict of Plaintiff's counsel. Even if it had gone forward, however, CFI would likely have been required to re-depose Plaintiff upon receipt of the written discovery responses that it seeks in the Second Motion to Compel.

## ARGUMENT

Plaintiff's failure to provide adequate and timely discovery in this case has handcuffed CFI. Without the outstanding discovery, CFI cannot effectively depose the plaintiff. Nor can it investigate and depose the expert that Plaintiff – months ago – disclosed that she has already retained. Obviously, it has been unable to retain a rebuttal expert. Clearly, it is not fair to force CFI to make a dispositive motion or to defend itself at trial on the record developed to date. Plaintiff has never opposed any of CFI's requests or offered a good reason for her delay and/or disregard of the deadlines imposed by the Court's orders and the Federal Rules of Civil Procedure.

The discovery sought in this motion consists of more complete answers to five interrogatories contained in the First Request and served on Plaintiff in August 2005. Some of the areas of inquiry are absolutely central to this case. The other categories are no less significant and, in many cases sought merely as the result of inconsistencies in those discovery responses that Plaintiffs did provide. The categories of additional discovery sought to be compelled are as follows:

**Interrogatory No. 2**. Interrogatory No. 2 seeks identification of the name, title and business address of every person known by Plaintiff to have any knowledge of the matters set forth in the Complaint. See First Set of Interrogatories Propounded Upon Patricia Barber, attached as Exhibit 2. In her initial response, Plaintiff listed the names of several of her co-workers and acquaintances. See Plaintiff's Response To First Set of Interrogatories Propounded Upon Patricia Barber, attached as Exhibit 3.

The persons identified by Plaintiff in response to Interrogatory number 2 appear to be limited to persons with whom she conferred regarding the accident after the accident took place (e.g., co-workers and family members) as opposed to witnesses to the accident and other person's with first-hand knowledge, which were the true focus of the interrogatory. In fact, Plaintiff's response does not include several persons that CFI knows to have knowledge, including the driver of the automobile. Indeed, in response to Interrogatory No. 6, Plaintiff identified a witness to the accident named Kelly Vocatura, yet Ms. Vocatura is not disclosed in response to Interrogatory No. 2.

Based on the obvious deficiencies in plaintiff's response, CFI suspects that there are other witnesses that she has not disclosed. Accordingly, CFI request that Plaintiff supplement her answer to Interrogatory No. 2 to include not only friends and acquaintances and co-workers with whom she has conferred about the accident prior to the accident, but also any percipient witnesses or other persons with first-hand personal knowledge of the matters set forth in the Complaint.

**Answer to Interrogatory No. 18**. Interrogatory No. 18 seeks the identification of each and every person who took photographs at the scene of the accident or of the injuries, including names and addresses of both the photographers and the current possessors. See Exhibit 2.

Plaintiff's answer to Interrogatory No. 18 indicates that the police, Plaintiff's family and her attorney took photographs. See Exhibit 3. CFI is entitled to learn the actual names, and addresses of the photographers as well as the identities of the persons presently in possession of those photographers so that CFI can seek discovery of those photographs. It is patently unfair to deny CFI the opportunity to pursue this line of inquiry and force it to see the photographs for the first time at trial.

**Answer to Interrogatory No. 20**. Interrogatory No. 20 requests an itemized account of all losses and expenses that Ms. Barber suffered as a result of the facts alleged in the Complaint. See Exhibit 2. In response, Ms. Barber merely indicates broad categories of damages, with no numerical value, no itemization and no reference to supporting documentation. See Exhibit 3. This response is wholly insufficient. Plaintiff's damages is one of the central elements of her proof. To deny CFI discovery on this subject is patently unfair and inconsistent with the letter and spirit of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26 ("Parties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party").

**Answer to Interrogatory No. 24**. Interrogatory No. 24 seeks identification of expert witnesses, as well as each of the items of expert discovery permitted under the Federal Rules of Civil Procedure. See Exhibit 2. Although Plaintiff responded "none at this time but will supplement as needed," see Exhibit 3, at the Settlement Conference four days later, she disclosed to CFI and Magistrate Judge Almond that she had, in fact, retained an expert witness. It appears that she is simply playing "hide-the ball" here.

**Answer to Interrogatory No. 25**. Interrogatory No. 25 seeks disclosure of all of Plaintiff's prescription medications, including not only the names of the medications themselves, but also the dosage, the conditions for which they are prescribed, the prescribing physician, and

other related details. See Exhibit 2. Ms. Barber's response indicates some prescription medications and the prescribing physicians, but does not indicate either the date of prescription, the condition for which it was prescribed or the address of the prescribing physician. See Exhibit 3. Of particular concern to CFI is the fact that two of the doctors who are identified as having prescribed medicine are not identified anywhere else in the Interrogatories. This suggests that either the prescriptions are unrelated to the injury that is the subject of this lawsuit or that Plaintiff's disclosures elsewhere was insufficient. CFI should not be required to speculate regarding this issue or to start taking depositions of the physicians that plaintiff has disclosed in order to obtain the answers it seeks.

Obviously, there is a substantial amount of information in Plaintiff's possession that has not been disclosed to CFI. With the discovery closure date less than two weeks away, it is imperative that this insufficient discovery be addressed as soon as possible.

## CONCLUSION

For all the foregoing reasons, CFI requests that its Third Motion to Compel be granted.

Dated: Providence, Rhode Island
January 19, 2006

CUMBERLAND FARMS, INC.
By its Attorneys,

RICHARD R. BERETTA, JR. (#4313)
GEOFFREY W. MILLSOM (#6843)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

## CERTIFICATION OF SERVICE

I hereby certify that:

1. I am over 18 and not a party to this action.

2. On January 19, 2006, I served a true and accurate copy of the attached Memorandum In Support Of Defendant Cumberland Farm, Inc.'s Second Motion to Compel by regular mail upon Michael P. Lynch, 117 High Street, Westerly, RI 02891.

Susan L. Theriault

*368438_1.doc*