UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PATRICIA BARBER, | : | |
| Plaintiff, | : | Case No.: 05-317S |
| v. | : | |
| CUMBERLAND FARMS, INC. | : | |
| Defendant. | : | |

**DEFENDANT CUMBERLAND FARM, INC.'S**
**FIRST SET OF INTERROGATORIES PROPOUNDED UPON PATRICIA BARBER**

Pursuant to Rules 26 and 33 of the Superior Court Rules of Civil Procedure, defendant Cumberland Farms, Inc. hereby propounds the following Interrogatories to plaintiff Patricia Barber to be answered separately and fully in writing, in accordance with the following definitions and instructions and under oath, within thirty (30) days after certification of service hereof, and to be delivered to the offices of Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903.

**INSTRUCTIONS**

For the purposes of these Interrogatories and answers thereto, the following instructions apply:

A. In answering these Interrogatories, furnish all information available to you, including information in the possession of your attorneys, investigators, agents, officers, directors, employees, and all other persons acting or purporting to act on your behalf, and not merely such information known of personal knowledge. Each Interrogatory and each subsection of each Interrogatory is to be fully and separately answered in accordance

with the duties set forth in the Federal Rules of Civil Procedure. As to any Interrogatory for which an exact, complete, and entirely accurate answer cannot be made at this time, after having made reasonable efforts to provide the information, so state and (1) give the reason why a further response cannot be made at this time; (2) give as complete and precise an answer as is possible; (3) specify the portion of each Interrogatory that cannot be answered fully and completely; (4) state what efforts were made to obtain the requested information; and (5) state the facts that support the contention that the Interrogatory cannot be answered fully and completely at this time.

B. These Interrogatories shall be deemed to be continuing so as to require supplemental answers from time to time if you obtain further information after the date that the answers are served.

C. If you use any document (as that term is defined herein) in preparing the answers to these Interrogatories, include as part of each answer for which such document was used, the document's date, author, or originator, title, subject matter, any other characteristics necessary to identify the document and the present location or custodian of the original or any non-identical copy. If the present location or custodian of the original or any non-identical copy is unknown, state the present location or custodian of any identical copy of such original or non-identical copy.

D. In answering these Interrogatories, any document or communication required to be identified or described may, at your option, be produced for inspection and copying on the day these answers are due. Such documents are to be produced at the law offices of Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903.

## DEFINITIONS

For the purpose of these Interrogatories and answers thereto, the following definitions apply:

A. "Communication," unless otherwise modified, means both oral and written communications and includes communication by electronic means, such as e-mail.

B. "Date" means the exact day, month, and year, if ascertainable, or if not, the closest approximation that can be made thereto by means of, if necessary, location in relationship to other events.

C. "Document" has the same meaning as used in Rule 34(a) of the Federal Rules of Civil Procedure, and shall be construed to include all writing of any kind whatsoever and in any medium, however recorded or reproduced, including emails and other electronically generated and stored documents, originals and non-identical copies, drafts, translations, and other preliminary materials that are different in any way from the executed or final document, regardless of whether designated "confidential," "privileged," or otherwise protected, wherever located.

D. "Describe," "describe in detail," "state," "state in detail," "explain," or "explain in detail" means to relate as completely as possible each and every fact, act, omission, incident, event, condition, circumstance, or thing relating directly or indirectly to the subject matter of the description, including all pertinent dates, and without limiting the foregoing, to: (1) identify all documents directly or indirectly related thereto; (2) identify all communications directly or indirectly related thereto; (3) identify all persons directly or indirectly related thereto; and (4) identify all locations applicable to

any events, incidents, conditions, circumstances, or things directly or indirectly related thereto.

E. "Identify" with respect to a document (as defined herein) or any other thing means to state its type (e.g., letter, memorandum, periodical, chart, etc.) or otherwise describe it, and to supply the following information with respect thereto, where applicable: (1) the name of the person who prepared it; (2) the name of the person who signed it or in whose name it was issued; (3) the name of each person to whom it was addressed or distributed; (4) the nature and substance of the writing, with sufficient particularity to enable it to be identified; (5) its date, and if it bears no date, its approximate date; (6) its physical location, the name and address of its custodian or custodians, and when it came into your possession or control, if such is the case; and (7) if any such document was, but is no longer in your possession, or subject to your control, "identify" includes a description of what disposition was made of it and the identity of the person who presently has custody of it.

F. "Identify" with respect to a communication means to state: (1) the identity of each person who participated in the communication and the name of each person who was present at the time it was made; (2) by whom each such person was employed and whom each such person represented or purported to represent in making such communication; (3) the date when such communication took place; (4) the place where such communication took place; (5) what each person said, or, if not known, the substance thereof; and (6) the identification of each document pertaining to such communication.

G. "Identify" with respect to a person means to state: (1) the full name of the person, (2) the person's employer, if any, and (3) the home and work address of the person.

H. "Person" means the plural as well as the singular and includes any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office, or any other form of legal entity.

I. "You" or "your" refers to the plaintiff Patricia Barber, her present and former agents, employees attorneys, and all other persons that you contend act or purport to act on her behalf or under her direction or control.

The words used in this document have been selected for their common meanings, and no particular manner of punctuation or sentence construction is intended. Please resolve any doubt about the meaning or intent of any phrase or combination of phrases by arriving at an interpretation that permits the request to address a relevant, even productive, area of inquiry. (If you cannot resolve any such doubt, you are invited to call the author to resolve any ambiguities through discussion rather than simply stating an objection for vagueness and waiting for judicial resolution of the objection).

## INTERROGATORIES

**INTERROGATORY NO. 1.:** State your full name, date of birth, social security number, residence, business address and occupation and, if married, the name and occupation of your spouse.

**INTERROGATORY NO. 2.:** State the name, title, and business address of every person known by you to have any knowledge of the matters set forth in the Complaint.

**INTERROGATORY NO. 3.:** List the name, title and business address of every person with whom you spoke or consulted in gathering the information reflected in these answers to Interrogatories.

**INTERROGATORY NO. 4.:** Identify and describe fully all documents you referred to or relied on for the allegations contained in the Complaint; and in answering these Interrogatories, provide the date, author, recipients and description of the document.

**INTERROGATORY NO. 5.:** State whether you have been convicted of a crime in the State of Rhode Island, or elsewhere, and if so, identify the crime, the dates of conviction or the sentence imposed, and the jurisdiction in which the criminal charge and disposition occurred.

**INTERROGATORY NO. 6.:** Please identify in complete detail the condition, object, or conduct you claim caused your injuries.

**INTERROGATORY NO. 7.:** Please state what caused or created the condition, object or conduct responsible for the accident, and the manner in which the same was caused or created.

**INTERROGATORY NO. 8.:** Kindly state how long the condition, object or conduct existed prior to the time of your accident.

**INTERROGATORY NO. 9.:** Please detail your movements from the time you saw the alleged condition, object, or conduct until the moment you were injured.

**INTERROGATORY NO. 10.:** Please describe your activities on the Defendant's premises at the time of the alleged incident.

**INTERROGATORY NO. 11.:** Please identify the number of times you have been on the premises of the Defendant, and the number of times you have traveled in the particular area where you were injured.

**INTERROGATORY NO. 12.:** If you sustained any physical injury which you attribute to the accident, please describe each.

**INTERROGATORY NO. 13.:** If you are suffering at the present time from any injuries which you attribute to this accident, please describe them.

**INTERROGATORY NO. 14.:** If you were employed at the time of the accident, please state the name and address of each employer and your average gross weekly wage at that time.

**INTERROGATORY NO. 15.:** If you were incapacitated from work or your normal duties as a result of the accident, please state the dates you were incapacitated and the date when you returned to work or to your normal duties.

**INTERROGATORY NO. 16.:** If you were confined to your house and/or bed as a result of the accident, please state the dates you were so confined.

**INTERROGATORY NO. 17.:** If you consumed any alcoholic beverages or medications during the twelve (12) hours before the accident, state the type of alcohol or

medication you consumed, the amounts of each, the addresses where consumed, and the names and addresses of those present during your consumption of each.

**INTERROGATORY NO. 18.:** Please identify each and every person who took any photographs at the scene of the accident or of your injuries, by stating his or her name and address, and by stating the name and address of each person who has possession of any of these photographs.

**INTERROGATORY NO. 19.:** Describe all injuries, ailments or pains which you claim to have suffered as a result of the facts alleged in the Complaint, stating whether they are permanent, the basis of any permanency claim, the specific parts of your body so affected, the severity of the injuries, ailments or pains, and how long each has lasted or is expected to last.

**INTERROGATORY NO. 20.:** Provide an itemized account of all losses and expenses that you are claiming you incurred as a result of the facts alleged in the Complaint; and in answering this Interrogatory indicate which losses or expenses are attributable to hospitals, doctors, medicines and loss of earnings, respectively.

**INTERROGATORY NO. 21.:** Describe fully and in complete detail all illnesses, injuries, diseases, operations and/or surgical care which you have had since the date of the accident alleged in your complaint.

**INTERROGATORY NO. 22.:** If you had any accidents, illnesses or injuries during the three (3) years prior to or subsequent to the date of the accident, please describe in detail the nature of each accident, illness or injury.

**INTERROGATORY NO. 23.:** With reference to any condition, illness, ailment or injury from which you allege to suffer in your Complaint, state approximately how long you have suffered from it; the nature of all treatments received for it and the approximate date of such treatments; the names of hospitals, clinics or other places where you were treated for it; and the names and addresses of any person who treated you for this condition.

**INTERROGATORY NO. 24.:** For each person whom you expect to call as an expert witness at the trial, state:

a. the expert's name, address, area of expertise, professional education and experience;

b. the subject matter on which each expert is expected to testify;

c. the substance of facts and opinions to which each expert is expected to testify;

d. a summary of the grounds for each such opinion; and

e. the documents considered or relied upon by the expert in the course of reaching his or her opinion.

**INTERROGATORY NO. 25.:** If you are currently, or have in the past taken any prescribed medications, please set forth:

a. name of the medication;

b. dosage of medication taken or prescribed;

c. dental, medical care or mental health professional who prescribed said medication;

d. the address and telephone number of the dental, medical care or mental health professional who prescribed said medication;

e. condition for which the medication was prescribed; and

f. the date on which the medication was prescribed.

**INTERROGATORY NO. 26.:** Please identify the name, address and specialty of your primary care or family physician for the ten (10) years preceding the date of the incident alleged in your Complaint.

**INTERROGATORY NO. 27.:** Please identify the name, address and specialty of any physician or other health care professional from whom you have received medical treatment in the ten (10) years preceding the date of the incident alleged in your Complaint and, for each person identified, please describe the nature of the treatment provided.

**INTERROGATORY NO. 28.:** Please identify all lawsuits to which you have ever been a party.

**INTERROGATORY NO. 29.:** For each lawsuit identified in response to the preceding interrogatory, please provide the following information:

A. Your status in the lawsuit (e.g. plaintiff, defendant, etc.);
B. The basis for the lawsuit;
C. The identities of any other parties to the litigation;
D. The name and address of the attorney who represented you; and
E. The disposition of the litigation.

Dated: Providence, Rhode Island
August 18, 2005

CUMBERLAND FARMS, INC.
By its Attorneys,

RICHARD R. BERETTA, JR. (#4313)
GEOFFREY W. MILLSOM (#6843)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

**CERTIFICATION OF SERVICE**

I hereby certify that:

1. I am over 18 and not a party to this action.

2. On July 20, 2005, I served a true and accurate copy of the attached Defendant Cumberland Farm, Inc.'s First Set of Interrogatories Propounded Upon Patricia Barber by regular mail upon Michael P. Lynch, 117 High Street, Westerly, RI 02891.

*342692_1.doc*