UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PATRICIA BARBER, | : | |
| Plaintiff, | : | Case No.: 05-317S |
| v. | : | |
| CUMBERLAND FARMS, INC. | : | |
| Defendant. | : | |

## FOURTH MOTION TO COMPEL

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Defendant Cumberland Farms, Inc. hereby moves for an order compelling Plaintiff Patricia Barber to provide expert reports, expert depositions and agree to dates for certain fact witness depositions. The facts and arguments upon which this motion is based are set forth in the accompanying memorandum of law.

Dated: Providence, Rhode Island
March 16, 2006

CUMBERLAND FARMS, INC.
By its Attorneys,

RICHARD R. BERETTA, JR. (#4313)
GEOFFREY W. MILLSOM (#6843)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

RULE 37(a) CERTIFICATION OF COUNSEL

I hereby certify that I have attempted to confer in good faith with Plaintiff's counsel in an effort to secure the information requested without court action.

______________________

**CERTIFICATION OF SERVICE**

I hereby certify that:

1. I am over 18 and not a party to this action.

2. On March 16 2006, I served a true and accurate copy of the attached Defendant Cumberland Farm, Inc.'s Fourth Motion to Compel by regular mail upon Michael P. Lynch, 117 High Street, Westerly, RI 02891.

Susan L. Cheviall

375384_1.doc

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

PATRICIA BARBER,

Plaintiff,

v.

CUMBERLAND FARMS, INC.

Defendant.

Case No.: 05-317S

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S FOURTH MOTION TO COMPEL**

Defendant Cumberland Farms, Inc. ("CFI") submits this memorandum in support of its motion to compel Plaintiff Patricia Barber to provide expert reports, expert depositions and agree to dates for certain fact witness depositions.

## BACKGROUND

This is a personal injury case brought by a woman who was struck by an automobile driven by an elderly woman. At the time of the accident, the Plaintiff was in the process of exiting or entering the Cumberland Farms store in Westerly. The automobile in question jumped the curb and struck the front of the store, doing extensive damage to the building's façade and injuring Plaintiff in the process. Throughout this litigation, the parties have attempted to work cooperatively in discovery and for the most part have been able to resolve their issues. As the three prior motions to compel will attest, however, the Court's invention has greatly assisted these efforts.

As a result of CFI's inability to obtain timely discovery and the imminent expiration of the discovery period in this case, CFI previously sought a conference with the Court,

which took place on January 30, 2006. At that conference, Plaintiff requested and the Court agreed to extend the discovery period by 60 days. Since that time, CFI has noticed six (6) additional depositions and sought to obtain Plaintiff's expert reports. Only one of the noticed depositions has gone forward, however, and no expert reports have been produced. The depositions that have been noticed but cancelled were all cancelled at the request of Plaintiff.

CFI is now faced with another imminent discovery deadline (March 30, 2006) and no reports from Plaintiff's experts, no deposition of the Plaintiff and no ability to retain and prepare a rebuttal expert. Accordingly, CFI again requests the Court's assistance in obtaining the discovery it requires to prepare this case for trial.

## ARGUMENT

### I. PLAINTIFF IS REQUIRED TO PRODUCE EXPERT REPORTS

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires any party who has retained an expert to testify as a witness at trial to provide a report prepared and signed by the expert. Although the timing of this disclosure in relation to the close of discovery is not specifically set forth in the rules, logic dictates that it be made in sufficient time as to permit the opposing party to i) depose the expert and ii) comply with the requirement that rebuttal experts be produced within 30 days of the production of the expert report. *See* Fed. R. Civ. P. 26 (a)(2)(C). In light of the fact that the plaintiff will likely wish to depose CFI's rebuttal expert, Plaintiff's expert reports should have been produced at least 31 days prior to the expiration of the discovery period, which was February 28, 2006.

Plaintiff has identified two engineers and Plaintiff's treating physicians as expert witnesses in this case. CFI has been willing to expedite the retention and preparation of its

rebuttal expert(s) in order to keep this case on schedule, but it is unable to do so without Plaintiff's expert reports. Even if Plaintiff's expert reports are produced immediately, CFI may not be able to identify, retain and produce a report from suitable rebuttal expert witnesses by the close of discovery. In the interest of not further delaying this matter, CFI requests that the Court order Plaintiff's expert reports produced within three (3) days of the resolution of this motion.

## II. THE DEPOSITIONS OF ALL REMAINING FACT WITNESSES SHOULD BE COMPELLED

CFI has noticed the depositions of the Plaintiff, her social worker, Donald A. Labonte, her treating physician, Andrew Hallberg, M.D. and both of Plaintiff's expert witnesses, Ronald J. Birmingham and Charles A. Abraham. Plaintiff cancelled all of these depositions and, in the case of Plaintiff, a few attempts have been made to reschedule. There has been no attempt to reschedule any of the other depositions.

Each of these witnesses has information that is relevant to this case. Indeed, in her interrogatory responses, Plaintiff suggested that Dr. Hallberg and Messers. Labonte, Birmingham and Abraham will all be called as expert witnesses at trial. Clearly, their depositions are essential to CFI's discovery efforts.

Obviously, if Plaintiff truly intends to call Dr. Hallberg and Messers. Labonte, Birmingham and Abraham as expert witnesses, their depositions will have to await disclosure of their expert reports. Nevertheless, CFI requests at this time an order compelling plaintiff to produce herself and each of these four additional witnesses for deposition prior to the expiration of the discovery period.

**CONCLUSION**

For all the foregoing reasons, CFI requests that its Third Motion to Compel be granted.

Dated: Providence, Rhode Island
March 16, 2006

CUMBERLAND FARMS, INC.
By its Attorneys,

RICHARD R. BERETTA, JR. (#4313)
GEOFFREY W. MILLSOM (#6843)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

**CERTIFICATION OF SERVICE**

I hereby certify that:

1. I am over 18 and not a party to this action.

2. On March 16, 2006, I served a true and accurate copy of the attached Memorandum In Support Of Defendant Cumberland Farm, Inc.'s Fourth Motion to Compel by regular mail upon Michael P. Lynch, 117 High Street, Westerly, RI 02891.

375385_1.doc