UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PATRICIA BARBER, | : | |
| Plaintiff, | : | Case No.: 05-317S |
| v. | : | |
| CUMBERLAND FARMS, INC. | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO PRECLUDE**
**PLAINTIFF FROM OFFERING EXPERT TESTIMONY AT TRIAL**

Pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, Defendant Cumberland Farms, Inc. hereby moves for an order precluding Plaintiff Patricia Barber from offering expert testimony at the trial of this matter. The facts and arguments upon which this motion is based are set forth in the accompanying memorandum of law.

Dated: Providence, Rhode Island
April 11, 2006

CUMBERLAND FARMS, INC.
By its Attorneys,

RICHARD R. BERETTA, JR. (#4313)
GEOFFREY W. MILLSOM (#6843)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

**CERTIFICATION OF SERVICE**

I hereby certify that:

1. I am over 18 and not a party to this action.

2. On April 11, 2006, I served a true and accurate copy of the attached Defendant Cumberland Farm, Inc.'s Motion To Preclude Plaintiff From Offering Expert Testimony by regular mail upon Michael P. Lynch, 117 High Street, Westerly, RI 02891.

Susan J. [signature]

375384_1.doc

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PATRICIA BARBER, | : | |
| Plaintiff, | : | Case No.: 05-317S |
| v. | : | |
| CUMBERLAND FARMS, INC. | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM OFFERING EXPERT TESTIMONY AT TRIAL**

Defendant Cumberland Farms, Inc. ("CFI") submits this memorandum in support of its motion to preclude Plaintiff Patricia Barber from offering expert testimony in the trial of this matter.

**INTRODUCTION**

This case has been marked by Plaintiff's repeated failure to provide timely and full discovery resulting in four motions to compel and one motion for contempt all of which have been meritorious and either granted by the Court or withdrawn by CFI after Plaintiff's belated provision of the requested discovery. CFI's Fourth Motion to Compel sought disclosure of expert reports by Plaintiff's experts and depositions of those experts. Plaintiff did not object to this motion and – in the interim – the deadline for fact and expert discovery (March 31, 2006) passed. Defendant now finds itself on the Court's trial calendar, without any ability to anticipate the expert testimony that Plaintiff will offer at trial and no ability to retain, prepare and disclose a rebuttal expert in support of its case.

This prejudice, along with Plaintiff's well-documented history of discovery non-compliance, mandates that Plaintiff be precluded from offering expert testimony at trial.

## FACTUAL BACKGROUND

This is a personal injury case brought by a woman who was struck by an automobile driven by an elderly woman. At the time of the accident, the Plaintiff was in the process of exiting the Cumberland Farms store in Westerly. The automobile in question jumped the curb and struck the front of the store, doing extensive damage to the building's façade and injuring Plaintiff in the process.

Throughout this litigation, CFI has been required to enlist the Court's assisatance in order to obtain the discovery that it requested and to which it is entitled under the Federal Rules of Civil Procedure. Prior to the expiration of the original discovery period (January 30, 2006), CFI filed three motions to compel adequate discovery responses and one motion for contempt of one of the Orders compelling discovery. Each of these motions in some way pertained to expert witnesses.

The First Motion to Compel sought, *inter alia*, disclosure of the identities of Plaintiff's experts in response to CFI interrogatory requests. The Court granted the First Motion to Compel on October 19, 2005 and ordered the Plaintiff to provide discovery by October 29, 2005. When plaintiff failed to comply with this Order, CFI moved to preclude the withheld evidence, for a finding of contempt and dismissal. The Plaintiff finally responded to the First Request, on November 4, 2005 just days before a court-ordered Settlement Conference. In light of Plaintiff's belated disclosure and in the spirit of compromise, CFI agreed at the Settlement Conference to withdraw its motion preclude the withheld evidence, for a finding of contempt and dismissal.

The Second Motion to Compel was filed on January 9, 2006 sought expert reports, documents reviewed by the experts and correspondence, which – although reports must affirmatively be produced pursuant to Rule 26(a)(2)(c)were specifically requested by CFI in a document request out of an abundance of caution. This motion was granted on February 8, 2006. The Third Motion to Compel was filed on January 23, 2006 and – like the First Motion to Compel – sought the disclosure of the identities of Plaintiff's experts in response to CFI's interrogatory requests.

It is important to put this motion in context: at the time of the Third Motion to Compel the Scheduling Order in this case provided that discovery would close in seven days, and the court had already ordered Plaintiff to disclose her experts, but she failed to do so.

On January 27, 2006, Plaintiff finally disclosed the identities of her expert witnesses that she had referred to in the November 4, 2005 Settlement Conference. The Third Motion to Compel was granted on February 8, 2006.

As a result of CFI's inability to obtain timely discovery and the imminent expiration of the discovery period in this case, CFI sought a conference with the Court, which took place on January 30, 2006. At that conference, Plaintiff requested and the Court agreed to extend the discovery period by 60 days. CFI subsequently noticed six (6) additional depositions and continued its efforts to obtain Plaintiff's expert reports. Only two of the noticed depositions have gone forward, however, and no expert reports have been produced. The depositions that have been noticed but cancelled were all cancelled at the request of Plaintiff.

On March 16, 2006, CFI filed its Fourth Motion to Compel seeking, inter alia, expert reports (again) and depositions. Plaintiff did not oppose this motion. On March 30, 2006, the discovery period closed without Plaintiff having provided any expert reports or producing her experts for deposition despite the Court's multiple orders compelling her disclosure of expert reports, despite the scheduling order in this case and despite the clear requirements of the Federal Rules of Civil Procedure.

## ARGUMENT

### PLAINTIFF CONDUCT IN DISCOVERY MERITS PRECLUSION OF EXPERT TESTIMONY ON HER BEHALF

As this Court recently observed: "[i]t is settled law that a party flouts a court order at his peril . . . [and] courts cannot function if litigants may, with impunity, disobey lawful orders." *Vigilant Ins. v. East Greenwich Oil Co., Inc.*, No. 04-439 S, ___ F.R.D. ___, 2006 WL 572692, at *1 (D.R.I. March 9, 2006) (original source of quotations omitted). Plaintiff has repeatedly flouted and disobeyed both the orders of this Court and the Federal Rules of Civil Procedure by failing to produce expert reports and produce her experts for their depositions.

Plaintiff has identified in her interrogatory responses two engineers and Plaintiff's treating physicians as expert witnesses in this case. Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires any party who has retained an expert to testify as a witness at trial to provide a report prepared and signed by the expert. Although the timing of this disclosure in relation to the close of discovery is not specifically set forth in the rules, logic dictates that it be made in sufficient time as to permit the opposing party to i) depose the expert and ii) comply with the requirement that rebuttal experts be produced within 30 days of the production of the expert report. *See* Fed. R. Civ. P. 26 (a)(2)(C). In light of the fact

that the plaintiff will likely wish to depose CFI's rebuttal expert, Plaintiff's expert reports should have been produced at least 31 days prior to the expiration of the discovery period, which was February 28, 2006. Practicality aside, there is no question that Plaintiff's expert reports should have been produced before the close of the discovery period on March 30, 2006.

In *Vigilant v. East Greenwich Oil*, this Court made clear the significance of expert disclosures and the appropriateness of Rule 37 sanctions for failure to make expert disclosures. Unlike *Vigilant*, however, in this case Plaintiff's has not just ignored the requirements of Rule 26 and the Court's scheduling order, but also the Orders compelling production that have been presented to the Court in four separate motions to compel that included expert reports among the materials sought. Accordingly, the "totality of events" justifies the sanction of preclusion in this case. *Vigilant*, 2006 WL 572692, at *5 (quoting *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003).

Chief among the factors that justify preclusion of plaintiff's experts is the prejudice to CFI that results from Plaintiff's nondisclosure. Obviously, CFI has been forced to expend considerable resources in moving the Court and otherwise attempting to obtain this information. It also has been significantly prejudiced by its inability to retain and prepare its own rebuttal expert and to prepare for trial. Since Plaintiff's case is so heavily dependent upon expert testimony and Plaintiff's pleadings in this case do not go into great detail regarding her legal theories, the expert reports will likely the most substantive articulation of Plaintiff's claims available to CFI prior to trial.

This articulation of Plaintiff's claim is essential not only for the purposes of defending the claim at trial, but also for evaluating its merits and settlement value. By the

time this motion is decided, CFI will have attended two court-ordered Settlement Conferences (and postponed at least one other) with little understanding of Plaintiff's legal theories beyond the fact that that she was injured on CFI's property. By denying CFI this information in the context of this case in general and the settlement conferences in particular, Plaintiff has forced – and continues to force – CFI (and this Court) to needlessly expend time and effort in a futile exercise.

## CONCLUSION

For all the foregoing reasons, CFI requests that its Motion To Preclude Plaintiff From Offering Expert Testimony At Trial be granted.

Dated: Providence, Rhode Island
April 11, 2006

CUMBERLAND FARMS, INC.
By its Attorneys,

RICHARD R. BERETTA, JR. (#4313)
GEOFFREY W. MILLSOM (#6843)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

**CERTIFICATION OF SERVICE**

I hereby certify that:

1. I am over 18 and not a party to this action.

2. On April 11, 2006, I served a true and accurate copy of the attached Memorandum In Support Of Defendant's Motion To Preclude Plaintiff From Offering Expert Testimony by regular mail upon Michael P. Lynch, 117 High Street, Westerly, RI 02891.

*378015_1.doc*