UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PATRICIA BARBER

VS. C.A. NO.:05-317s

CUMBERLAND FARMS, INC.

**MOTION FOR RELIEF IN THE NATURE OF A MOTION TO EXTEND DISCOVERY**

NOW COMES the Plaintiff in the above entitled matter and moves this Court for the entry of an Order permitting the within request to extend the date for completion of discovery, out of time, for a period of forty-five days.

In accordance with the foregoing, the Plaintiff incorporates the accompanying Memorandum in support of the within Motion.

Plaintiff,
By Her Attorney,

Michael P. Lynch, Esq.(#3451)
117 High Street
P. O. Box 761
Westerly, Rhode Island 02891
Phone: 401/348-3000
Fax: 401/348-8900

**CERTIFICATION**

I hereby certify that I faxed and mailed a true copy of the within by first class mail, postage prepaid on the 12th day of April, 2006 to Richard R. Beretta, Jr, Esq. and Geoffrey W. Millson, Esq., Adler, Pollock & Sheehan, P. C., One Citizens Plaza, 8th Floor, Providence, RI 02903

UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

PATRICIA BARBER

VS. C.A. FILE NO.: 05-317S

CUMBERLAND FARMS, INC.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF TO EXTEND DISCOVERY**

Now comes the Plaintiff and files the within Memorandum in support of her Motion for relief to file, out of time, her request to extend the time for completion of discovery.

In support of the foregoing, the Plaintiff states that Plaintiff is in need of providing the Defendant reports from the experts listed by the Plaintiff who are to testify at trial in the within matter. Additionally, Plaintiff was recently seen by her treating surgeon for continuing issues relative to the injuries sustained in the referenced incident which is the subject of the within action as well as said surgeon is to be providing a report as to the extent of a permanent injury the Plaintiff has sustained from said incident.

Plaintiff is also in need of Defendant providing responsive answers to the discovery she has sought. On January 28, 2006, Plaintiff submitted requests for discovery in the form of Interrogatories and a Request for Production. No timely response

or objection was received from the Defendant. On March 7, 2006 Defendant sent out its purported response to both the Interrogatories and Request for Production. A copy of each is attached hereto. Each and every question asked and document sought was met with, virtually, the same untimely objection. Further, as to items that were produced none of them are identified as being responsive to any particular request and then after listing an objection to some of the requests, Defendant states that it "… will produce responsive documents" but does not identify what or when.

This request to extend, though Plaintiff's second such request for discovery purposes, is not sought for the purpose of delay but to provide to Defendant the reports it is entitled but also to afford Plaintiff the opportunity to obtain the discovery she needs and is entitled to have from the Defendant. Plaintiff has not, individually or through her counsel repeatedly flouted and disobeyed Orders of this Court or the rules of procedure. Plaintiff has provided updated discovery and but for the experts' reports has complied with all discovery obligations. The Plaintiff has provided the substance of each opinion to be offered by each of the experts that have been identified. There is no surprise or unknown opinion as to the liability experts.

The contrary exists with regard to the discovery responses provided by Defendant. From the very first interrogatory the

Defendant will not even completely identify the individual signing the responses, the authority for signing the responses, the people providing assistance, etc. Even in signing the document the individual states the matters referenced are not within his personal knowledge. Such responses are nothing short of obstructionist and prevent the Plaintiff from material to which she is entitled and must now seek Court assistance in obtaining. The same applies to the Defendant's response to Plaintiff's request for production.

Wherefore, based on the foregoing, Plaintiff seeks this Court's Order of relief in the nature of granting, out of time, the Motion to Extend the Time for Completion of Discovery.

Plaintiff,
By Her Attorney,

Michael P. Lynch, Esq.(#3451)
117 High Street
P. O. Box 761
Westerly, Rhode Island 02891
Phone: 401/348-3000
Fax: 401/348-8900

**CERTIFICATION**

I hereby certify that I faxed and mailed a true copy of the within by first class mail, postage prepaid on the 12 day of April, 2006 to Richard Beretta, Jr. Esq. and Geoffrey W. Millson, Esq., Adler, Pollock & Sheehan, P. C., One Citizens Plaza, 8th Floor, Providence, RI 02903