UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

PATRICIA BARBER,

Plaintiff,

v.

CUMBERLAND FARMS, INC.

Defendant.

Case No.: 05-317S

**CUMBERLAND FARMS, INC.'S RESPONSE**
**TO PLAINTIFF'S INTERROGATORIES TO DEFENDANT**

Defendant Cumberland Farms, Inc. ("CFI") hereby responds to the Plaintiff's Interrogatories To Defendant (the "Request") as follows:

## INTRODUCTION

These interrogatory responses represent the state of CFI's knowledge as of the date hereof. CFI's investigation, however is continuing and discovery is ongoing. CFI expressly reserves the right to supplement, alter and/or amend his responses.

CFI reserves all objections as to the admissibility at trial of any of the information provided herein. The production of any information provided herein does not constitute an admission by CFI that such information is relevant to the subject matter of the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. CFI also reserves the right to object to further inquiry with regard to any subject matter.

## GENERAL OBJECTIONS

1. CFI objects to the Interrogatories to the extent that they purport in any way to enlarge or modify the scope of permissible discovery or impose discovery burdens on defendant greater than those permitted by the Federal Rules of Civil Procedure.

2. CFI objects to the Interrogatories to the extent that they request production of information that is protected by the attorney-client privilege, the attorney work-product doctrine, a right of confidentiality, a right of privacy, and/or any other privilege. Any disclosure of privileged material is inadvertent and shall not be considered a waiver of the applicable privilege or privileges.

## SPECIFIC RESPONSES

**INTERROGATORY NO. 1:** Please state your full name, date of birth, Social Security Number, title with Defendant, the authority by which you are answering these interrogatories, residence, business and business address and the name(s) and address(es) for any and all persons assisting or otherwise helping in answering or providing any information for answer these interrogatories. Please include any other names by which you are known.

**ANSWER:** CFI objects to this request on the grounds that it seeks discovery of information that is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to the foregoing objection and the General Objects, please see the signature block of this document.

**INTERROGATORY NO. 2:** Excluding workers' compensation claims, if any claim, suit or action was commenced or made against Defendant or any entity in any way associated with Defendant for any injuries or damages for injuries sustained at one of Defendant's stores or any store in any way affiliated with Defendant please state the name and address of the person, firm or company making said claim and against whom said claim was made, the date on which said claim was made, the terms of resolution of each claim (including any confidentiality agreements), the amount of money received, and whether or not you are willing to produce upon the plaintiff's request a copy of any confidentiality agreement, covenant release or discharge that may be in existence. With regard to the foregoing include any and all first party claims by Defendant for any business interruption losses.

**ANSWER:** CFI objects to this request as overbroad, unduly burdensome and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:** If Defendant was protected by any insurance policy from the risk from which this action arises, state the name and address of each insurer, stating for each the type and amount of coverage, whether any coverage from the acts in question has been denied or declared subordinate to another insurer, and if either or both state when; and state each and every coverage that was in effect for the incident in question, and whether any of your insurers defend this action under a reservation of rights, and if so, name the reason given you for such reservation of rights. With regard to the foregoing include any and all policies of Insurance covering first party claims by Defendant for losses referred to as business interruption claims.

**ANSWER:** CFI objects to this request on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4:** Please list all Incidents at any facility having any business relationship with Defendant where a building or adjacent sidewalk or curb was damaged due to acts of a third party and as to each such incident please describe in detail the facts of each identifying the names and addresses of all parties to any and all claims made for any damages and for any documents evidencing the foregoing attach copies to these answers to interrogatories.

**ANSWER:** CFI objects to this request and overbroad, unduly burdensome and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:** Please state the name and address of each witness who may have knowledge concerning:

a. the alleged accident or incident who is known to Defendant, Defendant's attorney, or any person acting on behalf of Defendant and state their relation to Defendant.
b. the facts of each denial in Defendant's Answer to Plaintiff's complaint;
c. the facts of each affirmative defense set forth in Defendant's answer to Plaintiff's complaint.

**ANSWER:** CFI objects to this request on the grounds that the scope of other persons' knowledge is inherently unknowable to CFI. Subject to the foregoing objections and the General Objections, CFI states that it believes the following individuals may have first hand knowledge regarding the indicated subject matters:

Patrolman Michael Lamb
Patrolman Fiore
Patrolman Williams
Corporal Lacey
Westerly Police Department

John Tefft
Address unknown

Kelly Vocatura
55 Spring Brook Road
Westerly, RI 02891

Sarah Lassor
Arthur Pignataro
[may be contacted through CFI's counsel]

Carmella DePlacido (and daughter)
46 Westminster Street
Westerly, RI 02891

**INTERROGATORY NO. 6:** State whether any photographs were taken of the person, premises, vehicles, or scene of the accident or incident; by whom and when such photographs were taken; and the name and address of the person who has possession of them.

**ANSWER:** Subject to the General Objections, CFI responds that photographs were taken of the premises shortly after the accident. The original photographs are in the possession of counsel and will be produced in response to Plaintiff's Request for Production.

**INTERROGATORY NO. 7:** State whether or not a statement or deposition, including statement, voice recordings, was taken from any person in connection with this incident; setting forth the date such statement or deposition was taken and by whom it

was taken, including any statement or report made by the plaintiff and whether or not it is signed, and who now has custody of the statement.

**ANSWER:** Subject to the General Objections, CFI responds that CFI investigated this incident in anticipation of litigation. This investigation was undertaken at the request of counsel, overseen by counsel and any information gathered in the course of the investigation is presently in the possession of counsel.

**INTERROGATORY NO. 8**: State the time, place, and substance of any conversations which Defendant had or which any person had with any person, in any way relating to the incident, or its causes, or in any way relating to the proof Defendant intends to offer.

**ANSWER:** CFI objects to this request as vague, ambiguous and overbroad. CFI cannot know or relate the "time, place, and substance of any conversations . . . which any person had with any person" on any subject. Subject to the General Objections, CFI responds that CFI investigated this incident in anticipation of litigation. This investigation was undertaken at the request of counsel and overseen by counsel. A privilege log reflecting any privileged documents that may have been created prior to, during the course of or subsequent to the investigation that concerned the investigation will be produced.

**INTERROGATORY NO. 9**: Please describe in detail how Defendant alleges the accident, for which this suit was brought, occurred, giving in full detail everything that the plaintiff did and everything that any other individual did in the order in which Defendant believes the events took place.

**ANSWER:** CFI objects to this request on the basis of the fact that it presumes Defendant has made any allegations in this lawsuit. Plaintiff bears the burden of proof and must allege (and prove) how the incident occurred. Subject to the foregoing objection and the General Objections, CFI responds that the information in its possession suggests that Plaintiff was struck while in the process of walking from her roommate's

parked vehicle to the Cumberland Farms store on Granite Avenue in Westerly (the "Store") by a vehicle driven by Carmella DePlacido. The information in CFI's possession further suggests that, at the time of the accident, Ms. DePlacido was, in al likelihood attempting to pull her vehicle into the parking spot next to the handicapped parking spot in front of the Store when she suddenly accelerated, resulting in a screeching of her car's tires. The information in CFI's possession further suggests that, Plaintiff screamed and unsuccessfully attempted to remove herself from the path of the oncoming vehicle. The information in CFI's possession further suggests that, after striking the Plaintiff, the vehicle driven by Ms. DePlacido then struck the front of the Store and a parked car, causing damages to the Store, the parked car that was struck by vehicle driven by Ms. DePlacido and a second parked car.

**INTERROGATORY NO. 10**: State all conditions, circumstances or the like taken into consideration for the physical layout of the site of Defendant's facility at the intersection of Cross Street and Granite Street, Westerly, RI and include all persons or businesses having any part in said consideration and include any reviews, recommendations for changes or reconsideration given for the physical layout of said site as well as any persons that conducted any such review, recommendation or reconsideration.

**ANSWER**: CFI objects to this request as vague, ambiguous and overbroad.

**INTERROGATORY NO. 11**: Describe in detail all safety considerations given for the character of the place where the Plaintiff's incident occurred, including but not limited to, safety barriers, parking controls, traffic controls, traffic conditions, moving and parked vehicles, weather conditions, light conditions and number of entrances and exits, number of parking spaces, lanes of travel, dividing lanes and intersecting streets.

**ANSWER**: CFI objects to this request as vague and ambiguous. Subject to the foregoing objections and the General Objections CFI will produce photographs and blueprints of the Store premises and parking lot pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 12:** Kindly state the names and address of any party involved in any incident and provide the place and address where any damage was sustained to any facility owned by or rented to or by Defendant or any entity having any relationship to Defendant for which no claim was made or asserted by or against Defendant.

**ANSWER:** CFI objects to this request as overbroad, unduly burdensome and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 13:** State the names and addresses of all individuals and entities involved in any incident at any facility having any relationship with defendant whereby a motor vehicle came in contact with a building.

**ANSWER:** CFI objects to this request as overbroad, unduly burdensome and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:** Please state the name and address for that/those individual(s) on behalf of Defendant responsible for any review of safety issues at any site to which Defendant has an interest. As to the foregoing, please provide all documents utilized by said individual in his/her review of each site; how often a review of each site is made; when before the incident which is the subject matter of this suit was said review made; when after said incident occurred was said review made; and provide copies of all materials referred to in this answer.

**ANSWER:** CFI objects to this request as overbroad, unduly burdensome and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, Timothy McKinney was the Safety Inspector for the Store during the relevant time period and John Wojtas is CFI's Safety Manager, responsible for any review or oversight of safety issues for all stores. CFI conducts Safety Inspections approximately 3 times a year at each store. CFI will produce Safety Inspection Summaries pursuant to Rule 33(d) of the Federal Rules of Civil Procedure

**INTERROGATORY NO. 15:** As to physical changes at Defendant's facility at the Intersection of Cross Street and Granite Street, Westerly, RI, since March 5, 2002, provide the names and addresses of all parties involved in the development, implementation and work undertaken relative to same including, but not limited to all specifications, plans, drawings, etc. and provide copies of same, including invoices for any third party hired to perform any work at said site with Defendant's answer to this interrogatory.

**ANSWER:** CFI objects to this request as overbroad, unduly burdensome and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 16:** Identify all reports prepared by or on behalf of any employee, independent contractor or other third party for or on behalf of Defendant referring to or in any way relating to the incident which is the subject of this claim.

**ANSWER:** Subject to the General Objections, CFI responds that CFI investigated this incident in anticipation of litigation. This investigation was undertaken at the request of counsel and overseen by counsel. A privilege log reflecting any privileged documents that may have been created prior to, during the course of or subsequent to the investigation that concerned the investigation will be produced.

**INTERROGATORY NO. 17:** State whether as a result of this incident Defendant received any notices of violations from any agency and if so provide a copy herewith.

**ANSWER:** CFI objects to this request as vague, ambiguous and overbroad. Subject to foregoing objection and the General Objections, CFI states that it has not received any notices of violations for any governmental agency with appropriate authority and jurisdiction over CFI or the store as a result of the incident that is the subject of this action.

**INTERROGATORY NO. 18:** Set forth all the facts giving rise to the Defendant installing vertical concrete barriers at Defendant's facility at the corner of Cross Street and Granite Street, Westerly, RI in 2005 and as to said action identify the name and title

of each and every person associated with said decision and action, including all materials used or considered by said person(s) in planning, preparing and installing said barriers.

**ANSWER:** CFI objects to this request as overbroad, unduly burdensome and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 19:** State whether you have consulted, engaged or otherwise obtained the assistance of any expert with respect to any of the issues in this case, and if so, as to each such expert, state:

a. his or her name, home address, business address and occupation;
b. his educational background including schools, colleges, universities attended, ad (sic) as to each, the certificate or degree thereof;
c. the field of his expertise and a description of the license or licenses with respect thereto, including the period of his license and the name of the issuing officer or agency;
d. the name and address of each professional society or organization of which he was a member;
e. the subject matter upon which he is expected to testify, and a summary of the grounds for each opinion, and;
f. a description and date of each written report prepared by him to include the name and address of the person shaving present custody or control of each such report.

**ANSWER:** Subject to the General Objections, CFI states that it has not engaged the service of an expert witness to testify at trial.

**INTERROGATORY NO. 20:** State fully and completely, the facts upon which Defendant bases each affirmative defense.

**ANSWER:** CFI objects to this request as vague, overbroad and seeking to probe the mental impressions of defense counsel. Subject to the foregoing objections and the General Objections, CFI states as follows:

<u>First Affirmative Defense (Failure to State A Claim)</u> – The Complaint does not state the cause of action upon which Plaintiff intends to proceed. To the extent that Plaintiff intends to proceed on a theory of negligence, the Complaint fails to allege the

existence of any duty running from CFI to Plaintiff, or the breach of any such duty by CFI.

Second Affirmative Defense (Contributory Negligence) – According to an eye witness, plaintiff screamed and attempted to avoid contact with the vehicle driven by Ms. DePlacido, leaving open the possibility that her own actions actually caused her to be struck by the vehicle.

Third Affirmative Defense (Comparative Negligence) - According to an eye witness, plaintiff screamed and attempted to avoid contact with the vehicle driven by Ms. DePlacido, leaving open the possibility that her own actions actually caused her to be struck by the vehicle.

Fourth Affirmative Defense (Act of God) – Ms. DePlacido is an elderly woman. She was riding in a car with her daughter who, upon information and belief, is developmentally delayed.

Fifth Affirmative Defense (Assumption Of The Risk) – Plaintiff's exact location and movements in the moments leading up to the accident are not clear. It is possible that she was walking in the parking area rather than on the sidewalk.

Sixth Affirmative Defense (Statute of Limitations) – Plaintiff's accident occurred on March 5, 2002 at 9:30 am. Plaintiff filed her Complaint on March 5, 2005 at 12:28 p.m. Plaintiff served the Summons and Complaint on CFI on July 1, 2005.

Seventh Affirmative Defense (Laches, Estoppel and Unclean Hands) - Plaintiff's accident occurred on March 5, 2002 at 9:30 am. Plaintiff filed her Complaint on March 5, 2005 at 12:28 p.m. Plaintiff served the Summons and Complaint on CFI on July 1, 2005. Plaintiff's exact location and movements in the moments leading up to the

accident are not clear. It is possible that she was walking in the parking area rather than on the sidewalk. Plaintiff screamed and attempted to avoid contact with the vehicle driven by Ms. DePlacido, leaving open the possibility that her own actions actually caused her to be struck by the vehicle.

Eighth Affirmative Defense (Pre-existing Injuries) – None at this time.

Ninth Affirmative Defense (Third-party Negligence) – Ms. DePlacido is an elderly woman. She was riding in a car with her daughter who, upon information and belief, is developmentally delayed. Eye witness testimony indicates that her car was "out of control" at the time of the accident. Eye witness testimony further indicates that Ms. DePlacido accelerated so quickly and powerfully that the tires on her car squealed. After striking the Plaintiff, Ms. DePlacido's vehicle struck the Store and another parked car with such force as to cause extensive damage.

**INTERROGATORY NO. 21:** State fully and accurately all of the facts upon which Defendant relies in support of its claim that the defendant was not negligent.

**ANSWER:** CFI objects to this request to the extent that it seeks to shift the burden of proof of liability to CFI – a burden that falls exclusively on Plaintiff. Subject to the foregoing objection and the General Objections, CFI states that there are no facts that support any claim that Defendant was negligent.

**INTERROGATORY NO. 22:** If Defendant contends that the plaintiff at any time made any admissions against interest pertinent to the subject matter of this litigation, please set forth the time and place of each such admission, how made, to whom made, by whom made and identify all persons having knowledge pertaining thereto.

**ANSWER:** CFI objects to this request as vague, ambiguous, overbroad and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CFI further objects to this

request on the ground that the use of the term "admission[] against interest," is archaic and has no legal significance in the context of civil litigation. Subject to the foregoing objections and the General Objections, CFI states that it contends that Plaintiff has made numerous admissions, but objects to itemizing such objections on the aforementioned grounds.

**INTERROGATORY NO. 23:** State whether Defendant or its agents have knowledge of any statements, reports, photographs, video surveillance, voice recordings, or other transcription of any kind concerning plaintiff or the incident which is the subject matter of plaintiff's complaint. If so, with respect to each, state the name and address of the person giving it, the date taken, the name and address of the person taking it and the name and address of the person having present custody of it.

**ANSWER:** CFI objects to this request as vague and ambiguous. Subject to the foregoing objections and the General Objections, CFI states that it is aware that Plaintiff gave a statement to the Westerly police.

**INTERROGATORY NO. 24:** As to each occasion which the defendant is aware of any individual being injured on, at or near any facility owned, rented or otherwise associated with the Defendant whereby said individual was seen by any member of the health profession or confined or hospitalized on account of any condition during the 10 year period before the alleged occurrence, and up to and including the present please state:

a. the date; and
b. the name, occupation, title and address of said individual being injured.

**ANSWER:** CFI objects to this request as vague, ambiguous, overbroad and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 25:** If you claim or contend that any party other than Defendant engaged in any action or activity which caused or contributed to your injuries, please state:

a. a full description of the party giving their name, address or other identification;
b. a full description of such action or activity;

c. a full explanation of how and in what manner each such action or activity caused contributed to or caused the alleged occurrence.

**ANSWER:** CFI objects to this request as vague, ambiguous, overbroad and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 26**: State whether Defendant knew of the availability of those vertical barriers that Defendant installed in 2005 at the site of Plaintiff's incident before March 5, 2002 and if so when, and whether Defendant had given any consideration to the installation for same before March 5, 2002.

**ANSWER:** CFI objects to this request as vague, ambiguous, overbroad and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 27**: As to the installation of those vertical barriers at the site of Plaintiff's incident which is the subject of this claim, please stat the cost to Defendant for said installation and attach herewith all invoices attributable to the installation of said vertical barriers.

**ANSWER:** CFI objects to this request as vague, ambiguous, overbroad and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 28**: List all properties where Defendant has any store, facility or interest where vertical barriers, as set forth above, exist and, as to each, when said barriers were installed and the cost of each such installation.

**ANSWER:** CFI objects to this request as vague, ambiguous, overbroad and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 29**: List and include copies of all documents referring or relating to those vertical barriers used by or considered by Defendant for the installation of said vertical barriers at the site where Plaintiff was injured.

**ANSWER:** CFI objects to this request as vague, ambiguous, overbroad and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 30**: State in detail why the Defendant installed the vertical barriers at its facility at the intersection of Cross Street and Granite Street, Westerly, RI and specifically include the purpose of Defendant installing the vertical barriers, when said purpose first cam to Defendant's attention and all engineering or other consideration given relative to the foregoing.

**ANSWER:** CFI objects to this request as vague, ambiguous, overbroad and on the ground that it seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Dated: Providence, Rhode Island
March 6, 2006

As to Objections:

RICHARD R. BERETTA, JR. (#4313)
GEOFFREY W. MILLSOM (#6843)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

# CERTIFICATION

I, Matthew S. Peterson , hereby certify the following:

1. I am employed by Cumberland Farms, Inc., the defendant in the above-entitled action, and sign the foregoing Answers to Interrogatories for and on behalf of the said defendant and am duly authorized to do so.

2. The matters stated in the foregoing answers to Interrogatories are not within my personal knowledge and I am informed that there is no single official of Cumberland Farms, Inc. who has personal knowledge of all such matters and that the matters stated in the foregoing Answers to Interrogatories have been assembled by representatives of and counsel to the defendant, Cumberland Farms, Inc.

3. I am informed by said representatives and counsel that the matters set forth in the aforesaid Answers to Interrogatories are in accordance with the information available to the defendant and are true insofar as it is possible to verify them.

CUMBERLAND FARMS, INC.

Matthew S. Peterson
Matthew S. Peterson
Risk Management

STATE OF MASSACHUSETTS)
ss)
COUNTY OF NORFOLK )

On this 3rd day of March, 2006 before me, the undersigned notary public, personally appeared MATTHEW S. PETERSON, proved to me through satisfactory evidence of identification, which were PERSONALLY KNOWN, to be the person whose name is signed on the preceding or attached document in my presence.

Samia Elshama (Notary Public)

My commission expires: 12/4/09

SAMIA ELSHAMA
MY COMMISSION EXPIRES DEC 4, 2009
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS

## CERTIFICATION OF SERVICE

I hereby certify that:

1. I am over 18 and not a party to this action.

2. On March 7th 2006, I served a true and accurate copy of the attached Defendant Cumberland Farm, Inc.'s Response To Plaintiff's Interrogatories To Defendant by regular mail upon Michael P. Lynch, 117 High Street, Westerly, RI 02891.

Susan J. Theriault

*370633_1.doc*