UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

PATRICIA BARBER,

Plaintiff,

v.

CUMBERLAND FARMS, INC.

Defendant.

Case No.: 05-317S

**OBJECTION TO PLAINTIFF'S MOTION TO**
**CONTINUE TRIAL AND EXTEND DISCOVERY**

Defendant Cumberland Farms, Inc. hereby objects to Plaintiff's Motion To Continue Trial And Extend Discovery. The facts and arguments upon which this motion is based are set forth in the accompanying memorandum of law.

Dated: Providence, Rhode Island
April 13, 2006

CUMBERLAND FARMS, INC.
By its Attorneys,

RICHARD R. BERETTA, JR. (#4313)
GEOFFREY W. MILLSOM (#6843)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

**CERTIFICATION OF SERVICE**

I hereby certify that:

1. I am over 18 and not a party to this action.

2. On April 13, 2006, I served a true and accurate copy of the attached Objection to Plaintiff's Motion To Continue Trial And Extend Discovery by regular mail upon Michael P. Lynch, 117 High Street, Westerly, RI 02891.

Susan J. [signature]

375384_1.doc

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

PATRICIA BARBER,

Plaintiff,

v.

CUMBERLAND FARMS, INC.

Defendant.

Case No.: 05-317S

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO CONTINUE TRIAL AND EXTEND DISCOVERY**

Defendant Cumberland Farms, Inc. ("CFI") submits this memorandum in support of its Objection to Plaintiff's Motion To Continue Trial And Extend Discovery.

## INTRODUCTION

CFI objects to Plaintiff's motion to the extent that it seeks to extend the period of time in which Plaintiff has to conduct discovery. As an initial matter, the motion is untimely. Rather than file it prior to the expiration of the discovery period, Plaintiff elected to let the discovery period expire and then moved for an extension. Moreover, the record of this case[1] is replete with evidence of Plaintiff's failure to provide discovery to CFI (including four separate motions to compel and two independent motions to preclude evidence based on failures to provide discovery) and Plaintiff's own minimal efforts to take discovery of CFI. In fact, Plaintiff did not even propound written discovery on CFI until two days before the expiration of the original discovery period and has to this date not

[1] In an effort to avoid repetition, CFI respectfully refers the Court to the recitation of relevant discovery facts set forth in its Motion To Preclude Plaintiff Patricia Barber From Offering Expert Testimony At Trial, filed April 11, 2006.

sought a single deposition. Permitting her additional time to conduct discovery, after she has squandered both the original six month discovery period and the additional 60 day extension of the discovery period that she previously requested (and was granted over CFI's objection) on the basis of her untimely motion for extension would be both unjustified and patently unfair to CFI, which has doggedly (and often vainly) pursued discovery throughout the entirety of this case.

## ARGUMENT

## THERE IS NO JUSTIFICATION FOR EXTENDING THE DISCOVERY PERIOD

Plaintiff offers no good reasons in support of her request for an additional 45 days in which to conduct discovery in this case. She first suggests that she needs the additional time to prepare expert reports. It is inconceivable that the eight months that have transpired in the case thus far have been inadequate for her experts to prepare their reports – particularly in light of the fact that CFI has vigorously attempted to prompt the production of these reports through four motions to compel and repeated informal requests. Indeed, Plaintiff does not even offer a reason why the reports have not yet been prepared. She does allude to certain alleged continuing injuries that purportedly impact the report of one of her medical experts, but makes no mention of the reason for the delay in producing reports by her other three experts (two of whom are engineers presumably engaged to opine on the condition of the premises, not the plaintiff).

Plaintiff's second argument in favor of an extension of the discovery period is predicated on vague allegations that she is owed discovery from CFI. She neglects to mention, however, that she has neither moved to compel this allegedly outstanding discovery nor made any effort to meet and confer with CFI regarding its discovery

responses. Indeed, although she attaches CFI's discovery responses to her motion, she is unable even to identify with particularity the discovery requests that she believes are unsatisfied.

Plaintiff further fails to inform the Court that she did not even serve her discovery requests until January 28, 2008 – two days before the original discovery deadline in this case. So, for six months, she failed to take any action; then she immediately moved for a 60 day extension of the discovery period; and now seeks even more time, which will serve only to ensure that prejudgment interest continues to accrue and will serve to punish CFI and inconvenience the Court – all because of Plaintiff's own failure to timely take discovery. Plaintiff's own dalliance in prosecuting her case is simply not a valid basis for her requested extension.

Finally, the requested extension would prejudice CFI severely by forcing it to provide a substantial amount of discovery in a limited time frame. In light of the fact that Plaintiff has conducted only minimal discovery to date, virtually all of her discovery would need to take place in the 45 day window she now seeks.

## CONCLUSION

For all the foregoing reasons, CFI requests that Plaintiff's Motion To Continue Trial And Extend Discovery be denied to the extent that it seeks to extend the discovery deadline in this case.

Dated: Providence, Rhode Island
April 13, 2006

CUMBERLAND FARMS, INC.
By its Attorneys,

RICHARD R. BERETTA, JR. (#4313)
GEOFFREY W. MILLSOM (#6843)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607

**CERTIFICATION OF SERVICE**

I hereby certify that:

1. I am over 18 and not a party to this action.

2. On April 13, 2006, I served a true and accurate copy of the attached Memorandum In Support Of Defendant's Objection to Plaintiff's Motion To Continue Trial And Extend Discovery by regular mail upon Michael P. Lynch, 117 High Street, Westerly, RI 02891.

*378146_1.doc*