UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PATRICIA BARBER

VS. C.A. FILE NO.:05-317s

CUMBERLAND FARMS, INC.

**OBJECTION TO MOTION TO PRECLUDE EXPERTS**

Now comes the Plaintiff, by and through her Attorney, and objects to the Defendant's Motion to Preclude the use of Experts by Plaintiff at the trial of action herein. Plaintiff incorporates the Memorandum attached hereto in support of said objection.

Plaintiff,
By Her Attorney,

Michael P. Lynch, Esquire (#3451)
117 High Street
P. O. Box 761
Westerly, RI 02891
Phone No.: 401/348-3000
Fax No.: 401/348-8900

**CERTIFICATION**

I hereby certify that on the 22 day of April, 2006, I mailed a true copy of the within by first class mail, postage prepaid to Richard Beretta, Jr. and Geoffrey Millsom, One Citizes Plaza, 8th Floor, Providence, Rhode Island 02903.

UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

PATRICIA BARBER

VS. C.A. FILE NO.: 05-317S

CUMBERLAND FARMS, INC.

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE USE OF EXPERTS**

Now comes the Plaintiff and files the within Memorandum in opposition to Defendant's Motion to preclude the Plaintiff from using experts at the trial in the within matter.

In support of the foregoing, the Plaintiff states that Defendant has not been prejudiced relative to the issue of experts in the within action. Plaintiff had informally advised Defendant of the initial expert to be offered by her and the substance of his opinion. Then Plaintiff, in supplementing her answers to interrogatories, provided to the Defendant, on January 27, 2006, the names and addresses of both liability experts who will be testifying on her behalf. Plaintiff also provided, in those answers to interrogatories, the substance of the opinion to be offered by each expert. Plaintiff, at that time, also provided the curriculum vitae for each expert.

The issue of experts has involved, specifically, the liability experts. As to damage experts, the Plaintiff has

identified her treating physicians, more specifically, her treating surgeon and has provided every report that he has authored relative to her treatment and those reports specifically note that Plaintiff's treatment is in consequence of the injury upon which this action is based. A final opinion has not been produced but is believed to be as a result of continuing treatment by the Plaintiff which includes visits over the past month which the surgeon has advised the Plaintiff will include a sixth surgery.

Plaintiff has at no time sought to impede the Defendant in learning the theory of liability. Plaintiff has been forthright relative to her theory of recovery. The Plaintiff has specified the testimony to be offered by each expert in support of that theory and the basis behind same.

The same cannot be said relative to Defendant in its response to discovery. Neither the spirit nor the content of the Rules of Discovery have been complied with by the Defendant in its response to Plaintiff's Interrogatories or Request for Production. Defendant's responses have been included in previous filings with this Court. These responses, filed out of time, will necessitate Court assistance in requiring disclosure of matters inquired by Plaintiff.

Plaintiff has filed a second request of this Court to extend completion of discovery which has been granted. Plaintiff has

not, individually or through her counsel, repeatedly flouted or disobeyed Orders of this Court or the rules of procedure which would warrant the drastic action of this Court precluding the Plaintiff from presenting her experts. Plaintiff has provided updated discovery and but for the experts' reports (which by Court Order the Defendant will have on April 24, 2006) has complied with all discovery obligations. As noted above, the Plaintiff has provided the substance of each opinion to be offered by each of the experts that have been identified. There is no surprise or unknown opinion as to any of the experts that will be testifying for the Plaintiff.

Wherefore, based on the foregoing, Plaintiff seeks the denial of the Defendant's motion to preclude the use of experts by the Plaintiff.

Plaintiff,
By Her Attorney,

Michael P. Lynch, Esq. (#3451)
117 High Street
P. O. Box 761
Westerly, Rhode Island 02891
Phone: 401/348-3000
Fax: 401/348-8900

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within by first class mail, postage prepaid on the 22 day of April, 2006 to Richard Beretta, Jr. Esq. and Geoffrey W. Millson, Esq., Adler, Pollock & Sheehan, P. C., One Citizens Plaza, 8th Floor, Providence, RI 02903