UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PATRICIA BARBER :
:
v. : C.A. No. 05-317S
:
CUMBERLAND FARMS, INC. :

**MEMORANDUM AND ORDER**

Before the Court for determination is Defendant's Motion to Preclude Plaintiff from Offering Expert Testimony at Trial. (Document No. 34). 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on April 28, 2006. For the reasons discussed below, Defendant's Motion is DENIED.

**Discussion**

Defendant contends that preclusion is warranted under Fed. R. Civ. P. 37 based upon Plaintiff's untimely production of her experts' reports. The Pretrial Order issued by District Judge Smith on August 11, 2005 required Plaintiff to make her expert witness disclosures and reports, as required by Fed. R. Civ. P. 26(a)(2), by January 30, 2006. (Document No. 4, ¶ 2).

On January 27, 2006, Plaintiff disclosed the identity (name and address) of her liability experts as well as a brief summary of their opinion(s) and the bases therefor. See Plaintiff's Response to Defendant's Interrogatory No. 24. Plaintiff also produced copies of the experts' resumes. Although Plaintiff's disclosure did not fully comply with Fed. R. Civ. P. 26(a)(2), it did provide Defendant with notice of the identity/qualifications of the experts and their general opinions.

Subsequently, on April 24, 2006, Plaintiff provided more detailed expert reports to Defendant. It still does not appear that the expert reports technically comply with all of the requirements of Fed. R. Civ. P. 26(a)(2)(B). However, this is not a complicated case and, although

Defendant surely disputes the opinions of Plaintiff's experts, the nature of their opinions can hardly come as a surprise to Defendant. This is a personal injury suit. Plaintiff claims injury as a result of being struck by a car on the sidewalk just after exiting Defendant's store. The car had apparently jumped the curb onto the sidewalk near the entrance/exit to Defendant's store. After striking Plaintiff, it appears that the car struck Defendant's building and two parked cars including Plaintiff's. Plaintiff's experts opine on subjects such as the parking site plan (curb/sidewalk area) and the absence of protective bollards.

Defendant requests preclusion which is a drastic measure. See Thibeault v. Square D Co., 960 F.2d 239, 247 (1st Cir. 1992) ("preclusion of expert testimony is a grave step, not to be undertaken lightly"). Defendant has simply not made a sufficient showing of prejudice to it or bad faith on Plaintiff's part to warrant the drastic sanction of expert witness preclusion. Further, Defendant's Motion only seeks preclusion and it has not argued that any lesser sanction may also be appropriate. However, this Court is not comfortable imposing any lesser sanction without giving Plaintiff notice and an opportunity to be heard. If Defendant wishes to pursue a lesser sanction(s) for Plaintiff's untimeliness, it may file a renewed motion for such sanction(s).

**Conclusion**

For the foregoing reasons, Defendant's Motion to Preclude (Document No. 34) is DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
May 9, 2006